## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAREN D. MCLAUGHLIN-
GRAHAM,
        Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
        Agency.

DOCKET NUMBER
PH-0831-20-0250-I-1

DATE: July 17, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Karen D. McLaughlin-Graham, Randallstown, Maryland, pro se.

Alison Pastor, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision by the Office of Personnel Management (OPM) denying her request to change her survivor annuity election. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under 5 U.S.C. § 8339(*o*), an employee who is married at the time of her retirement and elects less than the maximum survivor annuity has an 18-month window after her retirement during which she may elect to increase her monthly annuity reduction to provide a greater survivor annuity. *Rollins v. Office of Personnel Management*, 112 M.S.P.R. 557, ¶ 8 (2009); 5 C.F.R. § 831.622(b)(1). The appellant in this case wishes to increase her spouse's survivor annuity, and seeks a waiver of the 18-month deadline for making such an election.

The appellant bears the burden of establishing her entitlement to a waiver. *Rollins*, 112 M.S.P.R. 557, ¶ 6; *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). There are three potential grounds for waiving the deadline: (1) the statute or regulation itself specifies circumstances for a waiver; (2) affirmative misconduct by the agency warrants equitable estoppel of the statutory or regulatory provision; or (3) the agency fails to provide notice of election rights and corresponding deadlines, if such notice is required by statute or regulation. *Nunes v. Office of Personnel Management*, 111 M.S.P.R. 221, ¶ 16 (2009).

Here, the first circumstance does not apply, as neither 5 U.S.C. § 8339(*o*) nor 5 C.F.R. § 831.622(b)(1) include a provision describing conditions in which the 18-month deadline may be waived. *See id.*, ¶ 17. Furthermore, while the appellant contends that her retirement counselor was negligent in failing to explain the calculation of her reduced annuity, the Board has held that the negligent provision of misinformation does not constitute affirmative misconduct that would warrant equitable estoppel of the deadline. *See Scriffiny v. Office of Personnel Management*, 108 M.S.P.R. 378, ¶¶ 12-14 (2008), *overruled on other*

*grounds by Nunes*, 111 M.S.P.R. 221, ¶ 15. Hence, the second circumstance also does not apply.

As to the third possible ground for waiver, 5 U.S.C. § 8339(*o*) requires OPM to give eligible employees annual notice of their right to elect an increased survivor annuity, and the applicable procedures and deadlines. *Rollins*, 111 M.S.P.R 557, ¶ 8; *Nunes*, 111 M.S.P.R. 221, ¶ 15. The appellant argues that the 18-month deadline should be waived because OPM did not provide the required annual notice.

OPM bears the burden of proving that it provided the annual notice required under 5 U.S.C. § 8339(*o*). *Nunes*, 111 M.S.P.R. 221, ¶ 20. If OPM can establish through credible evidence that it is more probable than not that it sent the notice, the burden of going forward falls upon the appellant, who must put forth credible testimony or other evidence tending to show that she did not receive the notice. *See id*. If OPM fails to meet its burden of showing that it provided the required annual notice, waiver of the deadline is appropriate if the appellant establishes that the annuitant—herself, in this case—had the intention to increase her survivor annuity election at some point during the 18-month period. *See Rollins*, 112 M.S.P.R. 557, ¶¶ 8-10.

OPM asserts that it provided the appellant the required annual notice in December 2017 and December 2018. Initial Appeal File, Tab 5 at 4. In support of its assertion, OPM has provided an affidavit from an employee of the Retirement Services Branch, who attested that general notices regarding survivor benefit election deadlines were mailed to all annuitants every December from 1989 to 2017. *Id*. at 40-41. However, OPM has neglected to produce any evidence that it issued the appellant the required annual notice in December 2018. *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (holding that the statements of a party's representative in a pleading do not constitute evidence). In the absence of such evidence, OPM has failed to meet its burden of

showing that it provided the required annual notice throughout the 18-month period following the appellant's retirement.

However, waiver of the deadline is an appropriate remedy only if the appellant shows that, at some point during the 18-month window after her retirement, she intended to increase her spouse's survivor annuity. *See Rollins*, 111 M.S.P.R. 557, ¶¶ 6-8. The appellant has not previously been informed of her burden of proof on this issue, and we cannot determine from the existing record whether she developed that intention before or after the 18-month period expired. Accordingly, we remand the case for further development of the record, including an additional hearing if needed, and a new determination on the appellant's possible entitlement to a waiver of the 18-month deadline. *See id*., ¶¶ 12-13.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.